The defendant, Michael M. St. Pierre, Jr., appeals from his conviction of assault and battery on a household member in violation of G. L. c. 265, § 13M (a ). He claims error in (1) the denial of his request for a self-defense instruction, (2) improper in-court identification of the defendant, and (3) improper closing argument by the prosecutor. We affirm.
1. Self-defense instruction. The defendant asserts that he was entitled to a jury instruction on self-defense, and that the trial judge committed prejudicial error by not instructing the jury accordingly. Because the defendant timely objected, "[w]e determine whether the instructions were legally erroneous, and (if so) whether the error was prejudicial.... We will not find prejudice where an error did not influence the jury, or had but very slight effect" (quotation omitted). Commonwealth v. Allen, 474 Mass. 162, 168 (2016).
"The evidentiary threshold for a defendant seeking an instruction on self-defense is low, as it is the Commonwealth's burden to prove that the defendant did not act in proper self-defense once the issue is raised.... In determining whether the evidence warrants an instruction on self-defense, we consider the evidence, from any source, and resolve all reasonable inferences in favor of the defendant." Commonwealth v. Ortega, 480 Mass. 603, 609-610 (2018). To be entitled to an instruction on self-defense, the evidence, taken in the light most favorable to the defendant, must warrant at least a reasonable doubt that the defendant reasonably and actually believed that he was in imminent danger; that he sought to avoid physical combat; and that he used no more force than was reasonably necessary in light of the circumstances. See id. at 610. However, the right of self-defense generally "cannot be claimed by a [person] who provokes or initiates an assault." Id., quoting Commonwealth v. Espada, 450 Mass. 687, 693 (2008).
The Commonwealth's theory of the case was that the defendant assaulted and attempted to strangle his girl friend on April 6, 2016. A neighbor heard the assault and came into the apartment, interrupting the assault. The two women held on to the defendant to prevent him from fleeing down the fire escape and called 911. The defense was that no such assault took place. Defense counsel requested a self-defense instruction, arguing that the women grabbed him without authority, and that he was injured in his struggle to leave.
The principal defect in the defendant's argument is one of timing. The girl friend testified that she grabbed his leg to prevent him from leaving the apartment after he assaulted her. The Commonwealth's assault and battery case was based entirely on actions the defendant took before the women restrained him. The evidence in this case, viewed most favorably to the defendant, was not sufficient to raise the issue of self-defense because the acts against which he claimed to have defended himself occurred after he was alleged to have initiated the attack. Compare Espada, 450 Mass. at 693 (assault on defendant occurred one and one-half hours before shooting). Further, there was no evidence that, at the time the Commonwealth claimed the assault occurred, the defendant was in danger of personal harm, or that he attempted to avoid physical combat. Id. Contrast Ortega, 480 Mass. at 610. Accordingly, the evidence in this case was not sufficient to raise the issue of self-defense, even when viewed in the light most favorable to the defendant without regard to credibility. See Commonwealth v. Rodriquez, 461 Mass. 100, 109-110 (2011) ; Espada, supra at 694. Contrast Ortega, supra at 610.
2. In-court identification. Before trial, the Commonwealth moved in limine to permit the girl friend to make an in-court identification of the defendant, but did not move to permit in-court identifications by either the neighbor or the arresting officer. Relying on Commonwealth v. Crayton, 470 Mass. 228 (2014), the defendant claims, for the first time on appeal, that the trial judge should have excluded the in-court identifications of the defendant by his neighbor and the arresting police officer because neither witness participated in a nonsuggestive pretrial identification procedure, and there was no "good reason" for their admission. Id. at 241. Our review of this claim is limited "to determining whether the judge abused his discretion, ... meaning that he must have 'made a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives.' " Commonwealth v. Collins, 92 Mass. App. Ct. 395, 397 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
a. Neighbor. The defendant was identified at trial by the neighbor who lived in the apartment directly beneath the one shared by the defendant and the girl friend.[2]
An in-court identification of the defendant by an eyewitness who was present during the commission of the crime but did not participate in a pretrial identification procedure is admissible if there is good reason for its admission, and the Commonwealth has moved in limine to admit the in-court identification. Crayton, 470 Mass. at 241-243. Good reason exists where the witness knows the defendant and identification is not an issue at trial. Id. at 242.
Although the prosecutor should have filed a motion in limine, the judge did not abuse his discretion in allowing the testimony. The neighbor knew the defendant. "[T]here may be 'good reason' for the first identification procedure to be an in-court showup where the eyewitness was familiar with the defendant before the commission of the crime" because in this circumstance, "the in-court showup is understood by the jury as confirmation that the defendant sitting in the court room is the person whose conduct is at issue rather than as identification evidence." Id. Moreover, identification was not a live issue at trial, and a confirmatory identification was admissible for that reason as well. Id. at 242-243.
b. Officer. The defendant was also identified at trial by the arresting officer, who arrived on the scene when the defendant was outside the apartment on the fire escape. The prosecutor asked the officer to identify the "male party [who] was found on [the] scene." The officer's identification testimony was not subject to the Crayton rule since the officer was not an eyewitness "present during the commission of the crime." Id. at 242. Alternatively, even if the officer was considered to be an eyewitness, good reason existed to admit the testimony, as the witness was the arresting officer and he identified the defendant to confirm that he was the person arrested for the charged crime. Id.
Furthermore, the defendant had strategic reasons for wanting the officer to identify him. See Commonwealth v. Roderiques, 462 Mass. 415, 427 (2012) ("one factor to be considered in determining whether an error has created a substantial risk of a miscarriage of justice is whether defense counsel's failure to object was simply a reasonable tactical decision"). Defense counsel cross-examined the officer using photographs of the defendant with various injuries to his body -- injuries the defense argued were inflicted by the girl friend during an unprovoked attack on the defendant.
3. Prosecutor's closing argument. The defendant claims several errors in the prosecutor's closing argument to which defense counsel objected. "Because the judge overruled the defendant's objection, we consider whether the prosecutor's comments were improper and, if they were, whether the error was prejudicial." Commonwealth v. Goitia, 480 Mass. 763, 775 (2018). "Remarks made during closing arguments are considered in context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Andrade, 468 Mass. 543, 552 (2014), quoting Commonwealth v. Whitman, 453 Mass. 331, 343 (2009). Because the defendant timely objected to the prosecutor's improper argument, "we evaluate whether the defendant was prejudiced thereby." Commonwealth v. Beaudry, 445 Mass. 577, 584 (2005). "An error is not prejudicial if it did not influence the jury, or had but slight effect; however, if we cannot find with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, then it is prejudicial" (quotations omitted). Commonwealth v. Misquina, 82 Mass. App. Ct. 204, 207 (2012).
a. Vouching. The defendant claims that the prosecutor introduced his personal beliefs into his closing argument and improperly vouched for the victim's credibility when he used the phrase "I think" three times. It is improper for a prosecutor to express personal beliefs regarding testimony or to "vouch" for his witnesses. Commonwealth v. Sanders, 451 Mass. 290, 296-297 (2008). " 'Vouching' occurs when a prosecutor expresses his or her own belief in the credibility of witnesses or implies that he or she has knowledge independent of the evidence presented at trial." Commonwealth v. Kebreau, 454 Mass. 287, 304 (2009), citing Sanders, supra.
Although it would have been better to avoid the phrase "I think" in his summation, see Commonwealth v. Finstein, 426 Mass. 200, 205 n.1 (1997), the statement was immediately followed by the proper wording, "I would argue." The prosecutor's "use of the phrases 'I think' and 'I suggest' to preface some remarks did not, viewed in their proper context, imply that the prosecutor had personal knowledge or was stating a personal belief." Commonwealth v. Mitchell, 428 Mass. 852, 857 (1999). See Commonwealth v. Carney, 472 Mass. 252, 258 (2015).
Even if that was not readily apparent to the jury, the trial judge instructed the jury to disregard statements by counsel regarding his personal view of the strength of the evidence.[3] Accordingly, any harm that may have accrued to the defendant by this comment was "sufficiently mitigated." Commonwealth v. Sylvia, 456 Mass. 182, 194 (2010).
b. Comment on posttraumatic stress disorder. The girl friend testified that she was diagnosed with posttraumatic stress disorder (PTSD), and that she had difficulty remembering traumatic events. The defendant now claims that it was improper for the prosecutor to argue in closing argument that the witness had difficulty remembering traumatic events due to PTSD, absent expert testimony regarding her diagnosis and the effects of PTSD.
The witness's testimony was introduced without objection, and in that sense the prosecutor was free to argue it. See Whitman, 453 Mass. at 345, quoting Commonwealth v. Guy, 441 Mass. 96, 110 (2004) ("Prosecutors must limit the scope of their closing arguments to facts in evidence and the fair inferences that may be drawn therefrom"). To the extent that there is any claim that the argument exceeded permissible bounds, the trial judge instructed the jury to disregard comments about the victim's PTSD and any effect that her professed diagnosis may have had on her memory.[4] Accordingly, any harm that may have accrued to the defendant was ameliorated by the instruction, and the testimony would have had but very slight effect on the jury. See Sylvia, 456 Mass. at 194.
c. Quantity of evidence and comment on defendant's failure to testify. The defendant maintains that the prosecutor improperly argued that the jury should give more weight to the number of witnesses or volume of the Commonwealth's evidence than to the quality of that evidence. The challenged argument was made in direct response to defense counsel's closing argument, in which defense counsel described a so-called "he said, she said" case. In response the prosecutor stated, "So it's really not one side versus one side, it's one versus six sides almost in terms of evidence." The prosecutor then discussed in detail the ways in which five witnesses corroborated the girl friend's testimony. "[O]n balance, the prosecutor's remarks constituted permissible commentary on the [weight of the evidence and] the strength of the Commonwealth's case." Commonwealth v. Johnson, 463 Mass. 95, 113 (2012). To the extent it did not, the trial judge carefully instructed the jury to weigh the evidence by its strength rather than volume.
The defendant also claims that the prosecutor's argument improperly drew the jury's attention to the defendant's failure to testify. See Commonwealth v. Silanskas, 433 Mass. 678, 701 (2001) ("the Commonwealth may not comment on the defendant's failure to produce evidence"). As noted above, the prosecutor's closing focused on corroboration. "Our review of the record persuades us that ... the prosecutor's remarks ... did not cross over into burden shifting.... [T]he prosecutor did not focus the jury's attention on a specific element missing from the defense, nor did the prosecutor otherwise suggest to the jury -- either implicitly or explicitly -- that the defendant had an affirmative duty to counter the Commonwealth's evidence against him." Johnson, 463 Mass. at 113.
d. Reasonable doubt. The defendant contends that the prosecutor misstated the law by improperly defining reasonable doubt as "two things. It's doubt obviously, and then it's reasonable." The defendant claims that this misstatement of law materially shifted the burden of proof.
Insofar as the prosecutor's comments "tended to trivialize the concept of reasonable doubt," thus misstating the Commonwealth's burden of proof, they were improvident. Commonwealth v. Rupp, 57 Mass. App. Ct. 377, 385 (2003). See Commonwealth v. Morales, 461 Mass. 765, 783-784 (2012) (prosecutor misstated law by improperly suggesting that Commonwealth need not prove all elements of crime charged). The consequences of this error depend on "(1) whether the defendant seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave the jury which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the jury's conclusions." Id. at 784, quoting Commonwealth v. Perez, 444 Mass. 143, 151 (2005).
The defendant made a timely objection to the comment, and the judge properly instructed the jury on proof beyond a reasonable doubt. See Commonwealth v. Russell, 470 Mass. 464, 477-478 (2015). The trial judge gave accurate and thorough instructions on the presumption of innocence and the Commonwealth's burden of proof, emphasizing that the burden never shifts to the defendant. The jury are presumed to follow the judge's instruction. Morales, 461 Mass. at 784. See Commonwealth v. Francis, 450 Mass. 132, 142-143 (2007) (where prosecutor provided shorthand, inaccurate definition of law of criminal responsibility, judge's "extensive and accurate instruction on the law" cured error). "That the judge's final instruction did not include any express correction of the prosecutor's mischaracterization does not mean that the instruction was inadequate to cure any confusion caused by that mischaracterization." Commonwealth v. Dagley, 442 Mass. 713, 725 (2004). In view of the judge's instructions, we are confident that the prosecutor's misstatement did not influence the jury.
Judgment affirmed.

The neighbor testified that she was awakened by "a very loud bang" from the defendant's living room, directly above her ceiling. She then heard a woman scream. She ran upstairs and looked through the windowpane in the defendant's front door. Through the windowpane, she saw the girl friend lying on the floor, apparently unconscious, as the defendant kneeled at her side with his arms down toward her face and chest. The neighbor entered the apartment and pushed the defendant off the girl friend.

The judge instructed, "It would be improper if either of the attorneys seemed to imply that they knew whether a witness was telling the truth, and if they did, as you might have heard one of them say, you should totally disregard it.... If they discussed that based upon their personal belief, using ['] I believe this means that,['] you should disregard that ... it's for you to decide how the evidence adds up or how it doesn't add up."

The judge told the jury, "[Y]ou should disregard any comments made about [the victim]'s PTSD and how it might affect her memory."